UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN MORGAN,

                                        Plaintiff,

        v.                                                          9:22-CV-0045
                                                                    (DNH/ATB)

SHELLY MALLOZZI,[1]

                                        Defendant.
_____

APPEARANCES:

BRIAN MORGAN
17-A-1051
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I.  <u>INTRODUCTION</u>

        The Clerk has sent to the Court for review a pro se civil rights complaint filed by

plaintiff Brian Morgan ("Morgan" or "plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983").

Dkt. No. 1 ("Compl.").  Plaintiff, who is presently confined at Auburn Correctional Facility

("Auburn C.F."), paid the full filing fee of $402.00.

---

        [1]  In a letter to the Court, plaintiff provided the correct spelling of defendant's name.  Dkt. No. 4.  The Clerk of the Court is directed to amend the caption to reflect the proper spelling of defendant's name; Shelly Mallozzi.  *See* Dkt. No. 4 at 2.

## II. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B.  Summary of the Complaint

The following facts are set forth as alleged by plaintiff in his complaint.

On April 15, 2019, while incarcerated at Attica Correctional Facility ("Attica C.F."), plaintiff filed a grievance related to his medically prescribed corrective lenses.  Compl. at 4.

On November 12, 2020, the Central Office Review Committee ("CORC") for the New York State Department of Corrections and Community Supervision ("DOCCS") accepted the grievance, in part, noting, plaintiff "is scheduled for an optometry appointment in the near future for eyeglasses."  Compl. at 4.

Plaintiff alleges defendant Shelly Mallozzi ("Mallozzi"), the Director of the Inmate Grievance Program, is responsible for "implementing CORC decisions and for verifying compliance with these decisions."  Compl. at  4.  On November 4, 2021, plaintiff forwarded a letter to Mallozzi related to the November 2020 CORC decision.  *Id*.  To date, Mallozzi has

not responded. *Id.* As a result, plaintiff suffers from migraines, pain, blurred vision, and is unable to read. *Id.* at 5.

Construed liberally,[2] the complaint contains Eighth Amendment claims and constitutional claims related to DOCCS' grievance process against Mallozzi. *See generally*, Compl. Plaintiff seeks monetary damages and injunctive relief "ordering DOCCS to promptly implement CORC['s] decision." *Id.* at 6.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

### III. ANALYSIS

#### A. Eighth Amendment Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the

---

[2] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "Although the Constitution does not mandate a comfortable prison setting, prisoners are entitled to 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.' "  *Brown v. Doe*, No. 13 Civ 8409, 2014 WL 5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' "  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104).  "First, the alleged deprivation must be, in objective terms, sufficiently serious."  *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted).  Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

"Second, the defendant must act with a sufficiently culpable state of mind,"  *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

5

Upon review, this claim does not survive review.  Even assuming plaintiff plead facts sufficient to satisfy the objective prong of his Eighth Amendment claim, in order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").

There are no allegations that defendant Mallozzi was personally involved in plaintiff's medical treatment or deliberately indifferent to plaintiff's serious medical needs.  The only allegations in the complaint concerning defendant Mallozzi are facts related to her refusal to implement CORC's November 2020 decision.  *See* Dkt. No. Compl. at 4.  Even assuming plaintiff Mallozzi was aware of the grievance, her "mere knowledge" is insufficient to adequately plead a Section 1983 violation. *See Fernandez v. Superintendent, Downstate Corr. Facility*, No. 20 CV 10287, 2022 WL 443646, at *3 (S.D.N.Y. Feb. 14, 2022) (dismissing constitutional claims against the Superintendent for failure to act on prior complaints regarding medical examinations based upon denial of appeals of grievances regarding the issue) (citing *inter alia, Tangreti*, 983 F.3d at 616).  Accordingly, because the complaint alleges no facts that give rise to a cognizable constitutional claim against defendant Mallozzi, the Eighth Amendment claim against Mallozzi is dismissed pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Grievance Procedures

To the extent that plaintiff asserts claims arising from allegations that he is

6

dissatisfied with the results of the inmate grievance procedures at Attica C.F. and/or Auburn C.F., those claims are not cognizable.  Although prisoners undoubtedly retain a First Amendment right to meaningfully access the courts and petition the government for redress, *see, e.g., Bounds v. Smith*, 430 U.S. 817, 824 (1977), the Constitution does not mandate that prisoners be provided access to a grievance procedure during their incarceration.  *See Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim). Likewise, plaintiff has no constitutional right to a particular grievance outcome.  *See Torres v. Mazzuca*, 246 F.Supp.2d 334, 342 (S.D.N.Y. Feb. 25, 2003) ("[The plaintiff] does not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires, and therefore he [cannot] assert a due process claim as to such failures."); *see also Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 9 (1979) ("There is a crucial distinction between being deprived of a liberty one has. . . and being denied a . . . liberty that one desires.").

Accordingly, any claims concerning the grievance procedures are dismissed pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See Keesh v. Quick*, No. 19-CV-08942, 2021 WL 639530, at *10 (S.D.N.Y. Feb. 17, 2021) (dismissing claim against Mallozzi for failing to grant the relief requested in his grievance as there is no federal or constitutional right to an inmate grievance review process); *see Jackson v. Stanford*, No. 1:16-CV-09702, 2021 WL 3781851, at *4 (S.D.N.Y. Feb. 10, 2021) (dismissing claim against Mallozzi for failing to comply with a CORC decision and failure to

act on other grievances in violation of the First Amendment) *report and recommendation adopted*, 2021 WL 3781837 (S.D.N.Y. Aug. 19, 2021).

### C. Injunctive Relief

Plaintiff seeks an order directing DOCCS to implement CORC's decision.  *See* Compl. at 6.  The complaint does not clearly indicate whether defendant is sued in her individual capacity, official capacity, or both.  *In Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.

Under this doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective."  *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv*., 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).  "[I]n order to warrant the court's consideration, the plaintiff must be seeking prospective relief from an 'ongoing violation of federal law' which affects him directly, as opposed to others."  *Ruggiero v. Brian Fischer, Comm'r, No.* 15-CV-00962, 2017 WL 6999859, at *2 (W.D.N.Y. Aug. 25, 2017), *report and recommendation adopted sub nom*., 2018 WL 488949 (W.D.N.Y. Jan. 20, 2018) (citations omitted).

This request must be denied.  Where, as here, the claim for which injunctive relief is

sought is dismissed, plaintiff's request for said relief is also dismissed.  *See Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *44 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom. Spiteri v. Camacho*, 622 Fed. App'x 9 (2d Cir. 2015); *see also Rossi v. Fishcer*, No. 13-CV-3167, 2015 WL 769551, at *15 (S.D.N.Y. Feb. 24, 2015).

## IV.  <u>CONCLUSION</u>

Therefore, it is

**ORDERED** that

1.  The Clerk of the Court shall amend the caption to reflect the correct spelling of defendant's last name, Shelly Mallozzi;

2. If plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order;

3. If plaintiff timely files an amended complaint, this matter be returned to the Court for further review;

4. If plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case;

5. The Clerk shall serve a copy of this Decision and Order on plaintiff, together with a copy of the original complaint.

IT IS SO ORDERED.

Dated:  February 18, 2022
        Utica, New York.

United States District Judge