UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN MORGAN,

                        Plaintiff,

     v.                                                  9:22-CV-0045
                                                               (DNH/ATB)

SHELLY MALLOZZI, Director,
Inmate Grievance Program,

                        Defendant.

---

APPEARANCES:

BRIAN MORGAN
17-A-1051
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

      Pro se plaintiff Brian Morgan ("Morgan" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

      By Decision and Order filed on February 18, 2022 (the "February Order"), this Court reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915A.  *See* Dkt. No. 5.  On the basis of that review, Morgan's complaint was dismissed for failure to state a claim upon which relief could be granted.  Dkt. No. 5 at 9.

In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See id*. Presently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the February Order and it will not be restated in this Decision and Order. *See* Dkt. No. 5 at 2-4. The Court will construe the allegations in Morgan's amended complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. SUMMARY OF AMENDED COMPLAINT

In the amended complaint, Morgan does not allege any new facts or assert claims against new defendants. The pleading reiterates the allegations set forth in the original complaint related to Morgan's medical treatment at Attica Correctional Facility ("Attica C.F."). Am. Compl. at 4-6. Specifically, plaintiff claims that the Central Office Review Committee ("CORC") issued a decision accepting his grievance related to his need for medically prescribed corrective lenses and noted that plaintiff was scheduled for an optometry appointment. *Id*. Despite the decision, which was issued over two years ago, plaintiff has not attended the appointment. *Id*. at 11.

Morgan alleges that Shelly Mallozzi ("Mallozzi"), the Director of the Inmate Grievance Program, was aware of the "necessity for a doctors attention" because she "electronically signed" CORC documents. Am. Compl. at 4-5. Morgan repeats his claim that Mallozzi's

2

"actions and inactions" "collectively amounted to deliberate indifference to serious medical needs." *Id*. at 13.

## IV. ANALYSIS

### A. Eighth Amendment Claims

The law related to the Eighth Amendment was discussed in the February Order and will not be restated herein. *See* Dkt. No. 5 at 4-6. As relevant here, the February Order held:

> There are no allegations that defendant Mallozzi was personally involved in plaintiff's medical treatment or deliberately indifferent to plaintiff's serious medical needs. The only allegations in the complaint concerning defendant Mallozzi are facts related to her refusal to implement CORC's November 2020 decision. *See* Dkt. No. Compl. at 4. Even assuming plaintiff Mallozzi was aware of the grievance, her "mere knowledge" is insufficient to adequately plead a Section 1983 violation. *See Fernandez v. Superintendent, Downstate Corr. Facility*, No. 20 CV 10287, 2022 WL 443646, at *3 (S.D.N.Y. Feb. 14, 2022) (dismissing constitutional claims against the Superintendent for failure to act on prior complaints regarding medical examinations based upon denial of appeals of grievances regarding the issue) (citing *inter alia, Tangreti*, 983 F.3d at 616). Accordingly, because the complaint alleges no facts that give rise to a cognizable constitutional claim against defendant Mallozzi, the Eighth Amendment claim against Mallozzi is dismissed pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Dkt. No. 5 at 6.

Despite the fact that Morgan was afforded the opportunity to amend his complaint, the amended complaint does not cure the deficiencies in the original pleading. For the reasons set forth in the February Order, plaintiff's Eighth Amendment claims against Mallozzi are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.

3

## V. LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## VI. CONCLUSION

Therefore, it is

ORDERED that

4

1. The Amended Complaint (Dkt. No. 6) is accepted for filing;

2. Plaintiff's claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

3. The Clerk is directed to close this case; and

4. The Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: April 7, 2022
       Utica, New York.

_____
United States District Judge